CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 14 2019
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANDREW DANZELL, | ) | CASE NO. 7:19CV00030 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| UNITED STATES, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Andrew Danzell, a former federal inmate proceeding pro se, filed this action that the court docketed as a petition for a writ of mandamus under 28 U.S.C. § 1361. After review of the petition and other court records, the court concludes that Danzell is not entitled to mandamus relief and that his petition must be construed as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255.

I. BACKGROUND

On March 15, 2006, Danzell pleaded guilty, pursuant to a written plea agreement, to Counts One and Two of a four-count superseding indictment: conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine and one count of possession of a firearm in furtherance of a drug trafficking crime. See gen. United States v. Danzell, No. 7:05CR00024. The agreement contemplated a total prison term of 180 months. In exchange for the guilty plea, the government agreed to dismiss the remaining counts, including two other firearms charges, each of which would have subjected Danzell to a mandatory minimum 25-year sentence, to be served consecutively to any other sentence. Paragraph 2 of the plea agreement stated, in part, "I am pleading guilty as described above because I am in fact guilty and because it

is in my best interest to do so and not because of any threats or promises."[1] Pet. Ex. AD1, ECF No. 94. Paragraph 8 stated: "I understand that as a result of these convictions I will be subject to deportation from the United States. I agree to cooperate with the authorities in effectuating my deportation, and waive any and all administrative, statutory and constitutional rights I might have to challenge my detention and/or deportation." Id. Danzell did not initial that page of the agreement, but initialed and signed all other pages. Paragraph 22 states, in part:

> I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty. . . .
> This writing sets forth the entire understanding between the parties and constitutes the complete Plea Agreement between the United States Attorney for the Western District of Virginia and me, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties.

Id.

Portions of Danzell's guilty plea hearing could not be transcribed because of a technical malfunction. The existing transcript indicates that Danzell agreed with the accuracy of the government's summary of the evidence against him. Asked if he was satisfied with his attorney's representation, Danzell stated, "Very much. Thank you, Mr. Cargill." Pet. Ex. AD2, at 2, ECF No. 94. The court then stated to Danzell, "This is one of the most important days you will ever experience, because you are telling the Court that you wish to plead guilty to criminal charges that you know are going to result in you serving a period of incarceration of 15 years and in all probability your deportation from the United States." Id. at 3-4. After a short recess for Danzell to confer with counsel, the hearing resumed. The court asked Danzell if he had any further questions of the court or counsel about issues explained during the colloquy, and Danzell

---

[1] Beneath this line at the end of Paragraph 2, the prosecutor, Don Wolthuis, crossed out and initialed this sentence: "There has been no representation made whatsoever by any agent or employee of the United States to me as to what the final disposition of this matter should or will be." Pet. Ex. AD1, ECF No. 94.

2

answered, "I'm pleased with everything. Yeah." Id. at 4. He then pleaded "[g]uilty as charged," collectively, to Counts One and Two. Id. at 6. The court found him fully competent and aware of the charges and their consequences, found his pleas of guilty to be knowing and voluntary and supported by the facts, and adjudged him guilty.

The court conducted a sentencing hearing on June 7, 2006, and imposed the sentences contemplated by the plea agreement: 60 months on Count One and 120 months on Count Two, to be served consecutively, and two three-year terms of supervised release, to be served concurrently. While explaining the supervised released terms, the court stated: "That assumes that you are not going to be subject to some deportation act following your period of incarceration. I suspect that you will be, but in the event that you find yourself back in the community back in the United States, you can count on being on supervised release." Danzell, No. 7:05CR00024, Sent. Transc. 19, ECF No. 110. Danzell did not appeal, although he has filed prior post-conviction motions and petitions that the court dismissed.

In his current petition, Danzell bases his claims on events that allegedly occurred during the portion of the guilty plea hearing that could not be transcribed. He states:

> During the explanation of the plea agreement Mr. Wolthuis and Counsel instructed me not to initial page 4 of the plea agreement, and that it will reflect the parties['] full understanding that I will not be deported. [record cite omitted] Counsel told Mr. Wolthuis that he would be required to notify the agency and Mr. Wolthuis replied, it would be done at a later date because court was about to resume in a moment[.] Counsel also pointed out to Mr. Wolthuis, Don, your instructions changed the outcome of the case, and Mr. Wolthuis memorialized it by going back to page 3 of the plea agreement, he omitted the line affected and did place his initials (DRW) next to the part affected. [record cite omitted] During the Plea Hearing, Mr. Wolthuis ensure I will not be deported[.] Mr. Wolthuis representation took place before he laid out the summary of the evidence [which appears in the transcribed portion of the hearing].

Danzell Unsworn Decl. ¶¶ 4-8, at 47, ECF No. 94. When the court mentioned the probability of deportation, Danzell asked for a recess to meet with counsel and allegedly threatened to continue

3

the jury trial. He alleges that counsel assured him, "[O]nce the Court accept[s] the plea agreement Mr. [W]olthuis representation will be binding on the parties and beyond the power of the Court to alter anything Mr. Wolthuis said." Id. at ¶ 11.

Danzell was released from incarceration to begin serving his three-year term of supervised release on August 17, 2018. See Addendum to Presentence Report, ECF NO. 179. Danzell claims that he is now in the custody of immigration authorities, confined at a detention center in Maryland.

On this alleged sequence of events, Danzell argues that he is now entitled

> to compel (1) the specific performance of his plea colloquy of March 15, 2016, in that Danzell wish to rely on the representation of Donald R. Wolthuis (AUSA) that the United States will ensure he is not deported by notifying all Agencies involve that the March 15, 2016, Plea Agreement, page 4, uninitialed is modified to reflect such representation, verbal instruction, and full understanding of the parties, and (2) cure the Order of Deportation imposed on 11/15/2018.

Pet. 1, ECF No.1. To achieve this desired relief, Danzell petitions this court for a writ of mandamus under 28 U.S.C. § 1361, or in the alternative, a writ of coram nobis under 28 U.S.C. § 1651.

## II. DISCUSSION

Mandamus is a drastic remedy, to be invoked only in extraordinary situations.[2] United States v. Moussaoui, 333 F.3d 509, 516 (4th Cir. 2003). The party seeking issuance of the writ must have no other adequate means to attain relief, and he bears the burden of showing that his right to the writ is clear and indisputable. Id. at 517; In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). A petitioner must also establish that a responding party has a clear duty to do the specific act requested; the act requested is an official act or duty; and the issuance of the writ will further

---

[2] The court has omitted internal quotation marks, alterations, and citations here and elsewhere throughout this opinion, unless otherwise noted.

4

justice. United States ex rel. Rahman v. Oncology Assocs., P.C., 201 F.3d 277, 286 (4th Cir. 1999). Danzell cannot make these required showings.

First, Danzell has another available remedy by which to claim that the government has breached the plea agreement—he can file a § 2255 motion. Section 2255 allows "a prisoner in custody under sentence" of a federal court to raise claims that his sentence was "imposed in violation of the Constitution or laws of the United States," that "the court was without jurisdiction to impose such a sentence," that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A prisoner detained by immigration authorities, who is still subject to a federal criminal prison sentence or would otherwise be serving a federal term of supervised release, is "in custody" as required to bring a § 2255 motion. United States v. Swaby, 855 F.3d 233, 239 (4th Cir. 2017); see also United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) ("A prisoner on supervised release is considered to be 'in custody' for the purposes of a § 2255 motion."). Thus, Danzell can utilize the remedy outlined in 28 U.S.C. § 2255 to pursue his claim that the prosecutor promised to prevent his deportation. See, e.g., Williams v. United States, 554 F. Supp. 2d 168 (D. Conn. 2008) (addressing § 2255 claim regarding prior promise by government to use its best efforts to keep defendant from being deported); see also United States v. Warner, 820 F.3d 678, 685 (4th Cir. 2016) (finding material breach by government and granting specific performance of plea agreement as relief under § 2255).

Second, the existing record does not show that Danzell has a clear and indisputable right to mandamus relief, Moussaoui, 333 F.3d at 517, or that any representative of the United States has a clear duty to perform the requested act. Rahman, 201 F.3d at 286. The record—the plea agreement, the available portion of the plea hearing transcript, and the sentencing transcript—

5

does not unequivocally indicate that the parties agreed to a provision in the plea agreement barring Danzell's deportation. By its own terms, the agreement as drafted stands as a complete representation of the terms of the parties' plea bargain, unless the additional term is written and signed by the parties. The prosecutor's notation on page three and Danzell's failure to initial page four of the plea agreement form did not comply with these necessary conditions for an amendment so as to create a new, written term agreed between and signed by the parties. For the same reason, these minor notations on the document could not effectuate the deletion of the existing provision in the agreement stating that Danzell would be subject to deportation. Moreover, that deportation provision and the court's admonishments during the transcribed portion of the plea hearing and the sentencing hearing all properly notified Danzell that deportation was a consequence of his guilty plea under the plea agreement. Despite these warnings, the available record indicates that Danzell knowingly and voluntarily pleaded guilty pursuant to the plea agreement.

In short, Danzell has an alternative available remedy. He also has not shown an indisputable right to mandamus relief or demonstrated that anyone has a clear duty to prevent his deportation, based on his plea agreement. Accordingly, the court concludes that Danzell's petition for a writ of mandamus must be dismissed as without merit.

"A writ of <u>coram nobis</u> is also an exceptional remedy that may be granted only when a fundamental error has occurred and no other available remedy exists." Swaby, 855 F.3d at 238 (citing United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988)). Such a writ provides an avenue for a petitioner "who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." Chaidez v. United States, 568 U.S. 342, 345 n. 1 (2013). As discussed, Danzell is still in custody and has another available remedy under § 2255. He also

fails to show any fundamental defect in the guilty plea proceedings. See, e.g., United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988) (granting coram nobis relief for fundamental defect—defendants had been tried and convicted for acts that the Supreme Court later held were not within the reach of the statute of conviction). For these reasons, Danzell cannot utilize a writ of coram nobis to achieve the relief he desires, and his current petition must be dismissed accordingly.

Given the nature of Danzell's claims, which allege a breach of the plea agreement, the court will construe his submission as a § 2255 motion and will direct the clerk to docket it as such. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the petitioner.

ENTER: This 14th day of February, 2019.

                                                                                                                  /s/ Conrad

Senior United States District Judge